**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGHUNIK YEGHIAZARYAN; ARMINE LALAYAN; SAMSON LALAYAN; SERZH LALAYAN; ZHIRAYR LALAYAN, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-501 <br><br> Agency Nos. <br> A208-601-286 <br> A208-601-289 <br> A208-601-288 <br> A208-601-287 <br> A208-601-349 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023[**]
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and RAKOFF, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Petitioners Zhirayr Lalayan ("Lalayan"), his wife Aghunik Yeghiazaryan, and their three minor children, Serzh Lalayan, Samson Lalayan, and Armine Lalayan petition for review of the Board of Immigration Appeals' ("BIA") denial of the motion to reopen Lalayan's asylum claim on the basis of new evidence. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's denial of a motion to reopen for abuse of discretion. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023). We deny the petition.[1]

A noncitizen may file a motion to reopen proceedings with the BIA to present previously unavailable material evidence. *See* 8 C.F.R. § 1003.2(c). The BIA may exercise its discretion to grant a motion to reopen if persuaded that "the new evidence offered *would likely change* the result in the case." *Fonseca-Fonseca*, 76 F.4th at 1181 (citing *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992)). The noncitizen must show that "it is at least more probable than not that the new evidence would change the outcome of the claim." *Id.* at 1183. Where an immigration judge ("IJ") has denied an underlying asylum claim due to an adverse credibility determination, the noncitizen "must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Singh v. Garland*, 46 F.4th 1117, 1122 (9th Cir.

---

[1] Because we deny the petition, Lalayan's motion for a stay of removal pending review is denied as moot.

2022) (quoting *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020)).

The IJ denied Lalayan's application because of an adverse credibility determination. The IJ reached this conclusion after finding implausibilities surrounding three of Lalayan's claims: that he belatedly discovered the embezzlement at his place of work, chose not to notify his employer, and decided to come to the United States only after arriving in Mexico. We upheld the IJ's decision, concluding that the adverse credibility determination was supported by substantial evidence. *See Lalayan v. Garland*, 4 F.4th 822, 837–41 (9th Cir. 2021).

In his motion to reopen, Lalayan submitted new evidence that generally corroborated his asylum claim. The new evidence, however, did not address the implausibilities identified by the IJ or clearly offer the rehabilitation necessary to overcome the IJ's adverse credibility determination in the underlying proceeding. Given the general nature and limited rehabilitative value of Lalayan's new evidence, the agency could reasonably conclude that the new evidence would *not* likely change the result in the case. *See Fonseca-Fonseca*, 76 F.4th at 1181. On this record, the BIA's decision not to reopen proceedings was not "arbitrary, irrational, or contrary to law." *Singh*, 46 F.4th at 1121 (quoting *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017)). Consequently, the BIA did not abuse its discretion in denying Lalayan's motion to reopen.

**PETITION FOR REVIEW DENIED.**