**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIYANTI FRIDA SITORUS, | No.     17-72702 |
| Petitioner, | Agency No. A099-359-786 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2023[**]
San Francisco, California

Before: FORREST and MENDOZA, Circuit Judges, and OLIVER,[***] District Judge.

Petitioner Juliyanti Frida Sitorus seeks review of a decision by the Board of

Immigration Appeals ("BIA" or "the Board") denying her motion to reopen. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Solomon Oliver, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

COA

have jurisdiction under 8 U.S.C. § 1252(a). "We review the Board's denial of a motion to reopen for abuse of discretion," *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016), and we deny the petition for review.

Generally, non-citizens may file one motion to reopen within ninety days of the final administrative removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). The filing deadline and one-motion limit, however, do not apply to motions to reopen based on changed country conditions. *Id.* § 1229a(c)(7)(C)(ii); *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). "To prevail on a motion to reopen on the basis of changed country conditions, a petitioner must clear four hurdles. A petitioner must (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) 'demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.'" *Agonafer*, 859 F.3d at 1204 (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)). "Evidence that simply recounts previous conditions presented at a previous hearing or that is voluminous but redundant is not sufficient to show a change in country conditions." *Agonafer*, 859 F.3d at 1204 (citing *Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010)). In addition to evidentiary support, a motion to reopen "must be accompanied by

the appropriate application for relief and all supporting documents." 8 C.F.R. § 1003.2(c)(1).

Here, the BIA denied Sitorus' motion to reopen because she did not present an application for relief and because her evidence of changed circumstances was not material.[1] The BIA did not err on either point.

First, Sitorus does not dispute that she failed to submit an application for relief with her motion to reopen or otherwise contend that this requirement was satisfied. Thus, any challenge to this basis of the BIA's decision was forfeited, *see Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020), and we conclude that the BIA did not abuse its discretion in concluding that Sitorus failed to satisfy this regulatory requirement.

Second, Sitorus has not presented evidence of materially changed circumstances. *See Najmabadi*, 597 F.3d at 987–90. Christians in Indonesia have

---

[1] The BIA incorrectly stated that the petitioner's burden in making a prima facie showing of eligibility for relief in a motion to reopen is that the "new evidence offered *would likely change the result* in the case." (Emphasis added). We recently clarified that this burden of proof applies only to discretionary relief and the burden for showing prima facie eligibility for nondiscretionary relief is the lesser standard of "a reasonable likelihood that the petitioner would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179, 1183 (9th Cir. 2023). The BIA's misstatement is not reversible error, however, because here the BIA denied Sitorus' motion to reopen on procedural grounds, including failure to present evidence of *materially* changed conditions, not on the basis that Sitorus failed to make a prima facie showing of eligibility. *See id.* at 1180 (listing the bases for denying a motion to reopen).

faced hardship for many years. *See Tampubolon v. Holder*, 610 F.3d 1056, 1060–62 (9th Cir. 2010). The evidence and testimony that Sitorus presented at her removal hearing in 2007 illuminated those challenges. Now, Sitorus presents news articles about Jakarta's former governor, Basuki Tjahaja Purnama, colloquially known as "Ahok." Ahok, an ethnically Chinese Christian, was tried and jailed for blasphemy after he gave a speech that many Indonesians believed was critical of Muslim leadership. Sitorus argues that these articles demonstrate that conditions in Indonesia have worsened for Christians. The articles, however, are a wash for Sitorus. Some articles tend to suggest that Ahok's trial signals that Christians are disfavored in Indonesia, which was previously established in this case. Other articles tend to suggest that Ahok's trial had more to do with his unpopular demeanor and political policies than his religion or ethnicity. Thus, even viewed in the light most favorable to Sitorus, the new evidence that she presents is not qualitatively different than her prior evidence because it does not demonstrate new or worsening conditions for individuals in her position or speak to the individualized risk that she faces in Indonesia, as our caselaw requires. *See Najmabadi*, 597 F.3d at 990 (quoting *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998)).

**PETITION DENIED.**