NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS SOTO-CARRASCO,<br><br>          Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No.   20-72696<br><br>Agency No. A206-087-844<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2024**

Before: BYBEE and OWENS, Circuit Judges, and RAKOFF,*** District Judge.

Carlos Soto-Carrasco, a native and citizen of Mexico, petitions for review

from the Board of Immigration Appeals' ("BIA") decision denying his motion to

reopen his application for cancellation of removal. As the parties are familiar with

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*   The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

the facts, we do not recount them here. We deny the petition.

An immigration judge ("IJ") has discretion to cancel removal of "a noncitizen who meets certain statutory criteria." *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). Among other requirements, the noncitizen must "establish[] that removal would result in exceptional and extremely unusual hardship to the [noncitizen's] spouse, parent, or child" who is a citizen or lawful permanent resident of the United States. 8 U.S.C. § 1229b(b)(1)(D). Here, the IJ determined that Soto-Carrasco did not make this showing and denied cancellation of removal. The BIA affirmed the IJ's ruling without an opinion. Subsequently, Soto-Carrasco filed a motion to reopen, offering new evidence of his daughter's learning disabilities. The BIA denied the motion, ruling that "the possibility of educational hardship does not by itself rise to the exceptional and extremely unusual level of hardship required for cancellation of removal."

"We review the denial of a motion to reopen for abuse of discretion," and questions of law de novo. *De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004). The BIA may deny a motion to reopen if the movant fails to establish (1) prima facie eligibility for relief, (2) new, material evidence, or (3) entitlement to discretionary relief even if (1) and (2) are met. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Each is an independent ground for denial. *Id.* If "the ultimate relief is discretionary"—as here—the BIA may "leap over" (1) and (2).

2

*Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023).

Soto-Carrasco argues that the BIA applied the incorrect standard by not applying the ground (1)—prima facie eligibility for relief—standard, which "requires only a threshold showing of eligibility—a reasonable likelihood that the petitioner would prevail on the merits if the motion to reopen were granted." *Id.* at 1179. The government counters that the BIA properly applied the ground (3)— ultimate entitlement to discretionary relief—standard, and thus "leap[t] over" prima facie eligibility. Ultimate entitlement to discretionary relief requires that "the new evidence offered *would likely change* the result in the case," a higher standard for the noncitizen than the standard for prima facie eligibility. *Id.* at 1181 (quoting *In re Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992)) (explaining the difference between and reasoning behind the two standards).

The government is correct. The BIA decided Soto-Carrasco's motion to reopen on ultimate entitlement to discretionary relief and, in doing so, applied the correct standard. It held that "the evidence submitted [was] not likely to change the outcome of removal proceedings" because "the possibility of educational hardship" was not enough to demonstrate exceptional and extremely unusual hardship. It further reasoned that Soto-Carrasco would be ineligible for cancellation of removal in any case because of the IJ's determination that "he [had] not establish[ed] the requisite continuous physical presence" and did not "merit

3

relief as a matter of discretion." Thus, the BIA did not abuse its discretion in denying Soto-Carrasco's motion to reopen.

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**