NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEJANDRO MORENO
NORZAGARAY,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 20-70779, No. 20-73155

Agency No. A200-602-815

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2024[**]

Before: BYBEE and OWENS, Circuit Judges, and RAKOFF,[***] District Judge.

Petitioner Alejandro Moreno Norzagaray, a citizen of Mexico, petitions for

review of two decisions of the Board of Immigration Appeals ("BIA"): (1) an order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

affirming the denial by the Immigration Judge ("IJ") of petitioner's application for cancellation of removal; and (2) an order denying petitioner's motion to reopen his removal proceedings based on new information about his daughter's medical conditions. We have jurisdiction under 8 U.S.C. § 1252(a). *See also Wilkinson v. Garland*, 601 U.S. 209, 217–22 (2024) (explaining that a mixed question of law and fact is reviewable under § 1252(a)(2)(D) and holding that the application of the exceptional and extremely unusual hardship standard is an example of such a question).[1] Familiarity with the underlying factual allegations is here assumed. While we deny the petition for review of the order affirming the IJ's denial of the application for cancellation of removal, we grant the petition for review of the order denying the motion to reopen and remand for further proceedings.

As to the first issue, an IJ evaluates a noncitizen's request for cancellation of removal in two steps. First, the IJ must decide whether the noncitizen meets the statutory criteria for eligibility, including, among other requirements, whether he "establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child," who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(A)–(D); *see also Wilkinson*, 601 U.S. at 212–13. Second, if a noncitizen satisfies his burden in demonstrating the

---

[1] To the extent Norzagaray challenges any of the agency's factual determinations, we do not have jurisdiction to review those arguments under 8 U.S.C. § 1252(a)(2)(B). *See also Patel v. Garland*, 596 U.S. 328, 338–39, 347 (2022).

relevant eligibility requirements, an IJ decides whether to exercise his discretion in the noncitizen's favor. *See Wilkinson*, 601 U.S. at 212–13.

Norzagaray argues that the IJ and the BIA erred by concluding that his daughter's diagnosis as pre-diabetic and her frequent doctor's visits did not satisfy the "exceptional and extremely unusual hardship" standard. Our review is "deferential," *see Wilkinson*, 601 U.S. at 225, and we deny the petition. The IJ reasonably assessed Norzagaray's daughter's health condition and considered the potential impact of her father's removal on her medical care. Specifically, the IJ explained that Norzagaray's daughter and her mother would remain in the United States, that his daughter would "continue to be insured medically," and that her aunt could take her to doctor's appointments. Accordingly, the IJ determined that "the removal of [Norzagaray] will not hinder [his daughter's] ability to see her doctors," and that she will "continue to receive the same care she currently receives." We will not upset the IJ's rational conclusion, affirmed by the BIA, that the "hardship" faced by Norzagaray's daughter "is no more than that typically associated with deportation, and does not meet the exacting standard of exceptional and extremely unusual hardship." *See, e.g.*, *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (explaining that even though the petitioner's children would "suffer emotionally" if separated from their father, this kind of hardship is "sadly common").

As to the second issue, Norzagaray moved to reopen his removal proceedings based on new information about his daughter's medical conditions. "The BIA can deny a motion to reopen on any one of 'at least' three independent grounds—'failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.'" *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). We review "*de novo* the BIA's determination of purely legal questions." *Lopez v. INS*, 184 F.3d 1097, 1099 (9th Cir. 1999).

We recently explained that the proper standard to determine whether a petitioner has demonstrated prima facie eligibility for purposes of a motion to reopen is whether the petitioner has shown "a reasonable likelihood that [he] would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). The Government had proposed a different standard, namely that the "petitioner must present new evidence that 'would likely change' the result of his case." *Id.* at 1178 (quoting *In re Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992)). But we declined to adopt this stricter standard and rejected the Government's argument that the two standards were interchangeable. *See id.* at 1182–83 ("The 'reasonable likelihood' standard

4

requires a petitioner to show more than a mere possibility she will establish a claim for relief, but it does not require the petitioner to demonstrate she is more likely than not to prevail.").

In analyzing Norzagaray's motion to reopen, the BIA referenced the "would likely change" standard, rather than the "reasonable likelihood" standard. As we have just explained, the IJ's and BIA's earlier decisions denying Norzagaray's request for cancellation of removal focused only on his prima facie eligibility for relief and not on his ultimate entitlement to discretionary relief. While we acknowledge that, in some circumstances, the BIA can apply the stricter "would likely change" standard by "leap[ing] over" the "threshold concer[n]" of whether the prima facie case is satisfied and "simply determin[ing] that . . . the movant would not be entitled to the discretionary grant of relief," nothing in the BIA's decision here indicates that it resolved Norzagaray's motion under the discretionary step. *Id.* at 1180 (internal quotation marks and citation omitted). Indeed, the BIA referenced its earlier opinion and cited the same reasons to justify denying reopening that it had given when evaluating whether Norzagaray met the "exceptional and extremely unusual hardship standard" in its previous decision. In this context, we cannot conclude that the BIA denied Norzagaray's motion to reopen based on his entitlement to discretionary relief. While we express no opinion on the ultimate merits of his motion to reopen, Norzagaray is nevertheless

entitled to have the agency "apply the correct standard in the first instance." *Id.* at 1183.

**PETITION FOR REVIEW DENIED** in No. 20-70779, and **PETITION FOR REVIEW GRANTED** and **REMANDED FOR FURTHER PROCEEDINGS** in No. 20-73155.