**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PASCUAL LUCIANO TOMAS-GASPAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-72934

Agency No. A076-704-779

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2024[**]
San Francisco, California

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Petitioner Pascual Luciano Tomas-Gaspar, a citizen of Guatemala, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") denying his

fourth motion to reopen his removal proceedings. We have jurisdiction under

§ 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252. We

review the denial of a motion to reopen for abuse of discretion. *Fonseca-Fonseca*

*v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023). Under this standard, we must

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

"uphold the [BIA's] ruling unless it acted arbitrarily, irrationally, or contrary to law." *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004) (simplified). We deny the petition.

1. Tomas-Gaspar contends that because his original August 17, 1999 Notice to Appear ("NTA") for a removal hearing lacked a date, time, and place for his hearing, the immigration court violated 8 C.F.R. § 1003.14(a) and therefore lacked jurisdiction over his removal proceedings. But this contention lacks merit because "§ 1003.14(a) is a nonjurisdictional claim-processing rule." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc). And in any event, the immigration court complied with § 1003.14 by later supplementing the NTA with a notice of hearing providing the missing information. *Id.*

2. Tomas-Gaspar alternatively contends that, because his NTA did not comply with § 239 of the INA, 8 U.S.C. § 1229, he "is entitled to [a] termination of proceedings based on a 'Claims-Processing Rule' theory." But Tomas-Gaspar never raised this argument before the BIA and instead argued exclusively that the immigration court lacked jurisdiction over his removal proceedings pursuant to § 1003.14(a). Accordingly, Tomas-Gaspar's claims-processing argument was not properly exhausted. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED.**

2