**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO FONSECA-FONSECA, AKA Felipe Fonseca, AKA Guadalupe Fonseca, | No. 20-71977 |
| | Agency No. A097-764-795 |
| *Petitioner*, | |
| v. | OPINION |
| MERRICK B. GARLAND, Attorney General, | |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 16, 2023
San Francisco, California

Filed August 8, 2023

Before: Kim McLane Wardlaw, Jacqueline H. Nguyen,
and Lucy H. Koh, Circuit Judges.

Opinion by Judge Nguyen

# SUMMARY[*]

## Immigration

The panel granted a petition for review of the Board of Immigration Appeals' denial of Mario Fonseca-Fonseca's motion to reopen immigration proceedings to apply for cancellation of removal, and remanded for consideration of the motion under the correct standard.

The BIA can deny a motion to reopen on any one of at least three independent grounds: for failure to establish a prima facie case for the relief sought; for failure to introduce previously unavailable, material evidence; or based on a determination that even if these requirements were satisfied, a movant would not be entitled to the discretionary grant of relief sought. Here, the BIA denied petitioner's motion to reopen after concluding that Fonseca-Fonseca failed to establish prima facie eligibility for cancellation of removal because he did not submit new evidence that "would likely change" the result of his case.

The panel clarified any possible confusion in this circuit's case law regarding a petitioner's burden of proof in a motion to reopen. Prima facie eligibility for relief requires only a threshold showing of eligibility—a "reasonable likelihood" that the petitioner would prevail on the merits if the motion to reopen were granted. To be eligible for a discretionary grant of relief, a petitioner must present new evidence that "would likely change" the result in the case. Because the BIA erred by applying the wrong legal

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

standard, the panel remanded to the BIA to adjudicate the motion to reopen under the proper standard.

## COUNSEL

Andrew J. S. Newcomb (argued), Mendoza Immigration, San Jose, California; Elias Mendoza, Mendoza & Campos Law Offices PC, Sacramento, California; for Petitioner.

Allison Frayer (argued) and Carmel A. Morgan, Trial Attorneys; Jennifer P. Levings, Senior Litigation Counsel; Julia Tyler, Acting Senior Litigation Counsel; Brian M. Boynton, Acting Assistant Attorney General; United States Department of Justice, Office of Immigration Litigation, Civil Division; Washington, D.C.; for Respondent.

## OPINION

NGUYEN, Circuit Judge:

Mario Fonseca-Fonseca, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. Fonseca-Fonseca sought to reopen his immigration proceedings to apply for cancellation of removal. The BIA found that he failed to establish prima facie eligibility for cancellation of removal because he did not submit new evidence that would likely change the result in his case.

The parties disagree on a threshold issue—whether the BIA applied the correct burden of proof. The government

argues that, to demonstrate prima facie eligibility for the underlying relief in a motion to reopen, a petitioner must present new evidence that "would likely change" the result of his case. *See In re Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992). Fonseca-Fonseca contends that he need only show that the new evidence demonstrates a "reasonable likelihood" that he is eligible for the requested relief. *See In re L-O-G-*, 21 I. & N. Dec. 413, 420 (B.I.A. 1996) (en banc).

Fonseca-Fonseca has the better argument. Although our published cases properly cite the reasonable likelihood standard when addressing the prima facie ground, none provide a rationale or indeed any discussion of the appropriate standard. *See, e.g.*, *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003); *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010); *Kaur v. Garland*, 2 F.4th 823, 833 (9th Cir. 2021). Further, our memorandum dispositions have introduced confusion by citing the two standards—"would likely change" the result and "reasonable likelihood" of eligibility for relief—loosely, and at times, interchangeably. *See, e.g.*, *Vejar Rodriguez v. Garland*, No. 19-71714, 2021 WL 6067023, at *1 (9th Cir. Dec. 20, 2021); *Larin-De Hernandez v. Garland*, No. 18-70388, 2022 WL 16630273, at *1 (9th Cir. Nov. 2, 2022).

But these standards are not interchangeable. A standard requiring petitioners to demonstrate that their new evidence would likely change the result of their case is a substantively higher bar than requiring petitioners to show a reasonable likelihood of eligibility for relief.

Today, we clarify that prima facie eligibility for relief requires only a threshold showing of eligibility—a reasonable likelihood that the petitioner would prevail on the merits if the motion to reopen were granted. As the BIA

previously explained, a noncitizen "demonstrates prima facie eligibility for relief where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *In re S-V-*, 22 I. & N. Dec. 1306, 1308 (B.I.A. 2000) (en banc).

Because the BIA applied the wrong standard in denying Fonseca-Fonseca's motion to reopen, we remand to the agency to adjudicate his motions under the proper standard.[1]

## I.

Fonseca-Fonseca first entered the United States in March 1994. On May 23, 2013, he received a Notice to Appear ("NTA") that ordered him to appear before an immigration judge ("IJ") at a time and place to be set. Fonseca-Fonseca applied for cancellation of removal but later withdrew the application, conceding that he could not meet the ten-year physical presence requirement. *See* 8 U.S.C. § 1229b(b)(1)(A). Fonseca-Fonseca then applied for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ denied relief on the grounds that the one-year bar precluded his asylum claim, that Fonseca-Fonseca had not identified a cognizable particular social group for purposes of withholding, and that he presented no evidence of past or likely future torture by the Mexican government.

Fonseca-Fonseca appealed to the BIA. He did not contest the merits of the IJ's decision. Rather, he argued that

---

[1] The government contends that Fonseca-Fonseca timely appealed only the BIA's June 24, 2020 denial of his motion to reconsider, not the underlying order denying his motion to reopen. But, as the government acknowledges, we have jurisdiction over arguments that relate to Fonseca-Fonseca's motion to reconsider. And the motion to reconsider raises the same legal question that we address here.

under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), his NTA did not stop his accrual of physical presence for cancellation of removal and that the agency lacked subject matter jurisdiction because his NTA failed to list the time and place of the hearing.[2]  The BIA dismissed the appeal.  It rejected Fonseca-Fonseca's jurisdictional argument and noted that although the "incomplete Notice to Appear did not serve to stop the accrual of continuous physical presence for the purpose of cancellation of removal . . . [Fonseca-Fonseca] does not presently have an application for cancellation of removal pending or argue that a qualifying family member will suffer exceptional and extremely unusual hardship as is required for cancellation of removal."

Fonseca-Fonseca then moved to reopen to seek cancellation of removal.  He asserted that he could now satisfy the continuous physical presence requirement.  He further contended that he could meet the other cancellation requirements, including demonstrating exceptional and extremely unusual hardship to his U.S.-citizen children. Fonseca-Fonseca did not offer new hardship evidence.

The BIA denied Fonseca-Fonseca's motion to reopen. The agency held that while Fonseca-Fonseca's argument regarding continuous presence "has merit" and "he does appear to have the continuous physical presence required for cancellation of removal," his motion nevertheless failed because "he has not provided evidence of hardship, and thus,

---

[2] Statutory eligibility for non-LPR cancellation of removal requires, among other things, that the noncitizen "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application."   8 U.S.C. § 1229b(b)(1)(A).  *Pereira* held that an NTA that does not list the time and place of the hearing does not cut off a noncitizen's ability to accrue time for purposes of cancellation of removal.  138 S. Ct. at 2114.

prima facie eligibility." The BIA concluded that Fonseca-Fonseca "has not submitted persuasive new or previously unavailable evidence that is sufficient to meet his 'heavy burden' of showing that it is likely that the result would change if the proceedings were reopened."

Fonseca-Fonseca moved for reconsideration. He argued, in relevant part, that the BIA erred as a matter of law by requiring his new evidence to meet an improperly high standard to show prima facie eligibility for cancellation. The BIA denied the motion to reconsider, holding once more that Fonseca-Fonseca "did not establish prima facie eligibility for cancellation of removal" because he "has not shown that it is likely the outcome of his proceedings will change." Fonseca-Fonseca petitions for review of the BIA's decision to deny his motion to reconsider.

We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252. We review denials of motions to reopen or reconsider for abuse of discretion, *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), and questions of law de novo, *Lopez v. INS*, 184 F.3d 1097, 1099 (9th Cir. 1999). We grant the petition and remand.

## II.

"The BIA can deny a motion to reopen on any one of 'at least' three independent grounds—'failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.'" *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). When the ultimate relief is discretionary, the BIA can leap over the two threshold concerns "and

simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." *See INS v. Abudu*, 485 U.S. 94, 105 (1988); *see also* 8 C.F.R. § 1003.2(a).

Here, the BIA denied Fonseca-Fonseca's motion to reopen because he failed to establish prima facie eligibility for cancellation of removal. We must decide whether the BIA correctly required Fonseca-Fonseca to demonstrate that new evidence "would likely change" the result of his case, *see In re Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992), instead of requiring him to show only a "reasonable likelihood" that he is entitled to relief, *see In re L-O-G-*, 21 I. & N. Dec. 413, 420 (B.I.A. 1996) (en banc). We find that the BIA applied the wrong burden of proof.

## A.

### 1.

We begin by examining two of the most oft-cited BIA decisions regarding a petitioner's burden of proof in a motion to reopen, each of which articulated a different standard.

The first case is *Coelho*, 20 I. & N. Dec. at 473, decided in 1992. There, the petitioner moved to reopen his removal proceedings to introduce previously unavailable evidence of rehabilitation. *Id.* Finding the prima facie ground "largely irrelevant" to the motion, the BIA instead denied the petitioner's motion on discretionary grounds. *Id.* The BIA held that "in cases such as this, the Board ordinarily will not consider a discretionary grant of a motion to remand [for reopening] unless the moving party meets a 'heavy burden' and presents evidence of such a nature that the Board is satisfied that if proceedings before the immigration judge

were reopened, with all the attendant delays, the new evidence offered *would likely change* the result in the case." *Id.* (emphasis added). In short, the BIA held that if a petitioner's new evidence was unlikely to change its exercise of discretion, efficiency interests militated against reopening the case.

Four years later, when confronted with a case that turned on the prima facie ground, the BIA crafted a different, lower standard. In *L-O-G-*, 21 I. & N. Dec. at 413, the petitioners moved to reopen to apply for suspension of deportation. The determinative issue was "whether the [petitioners] ha[d] made a prima facie showing of extreme hardship." *Id.* at 415. Instead of applying *Coelho*'s "would likely change" standard, the BIA recognized that the prima facie context logically called for a lower standard of proof. The BIA explained that it was "willing to reopen 'where the new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening.'" *Id.* at 419 (quoting *In re Sipus*, 14 I. & N. Dec. 229, 231 (B.I.A. 1972)). Therefore, when evaluating a petitioner's motion on the prima facie eligibility ground, "the [BIA] will look to whether there is sufficient evidence proffered to indicate a *reasonable likelihood* of success on the merits, so as to make it worthwhile to develop the issues further at a full evidentiary hearing." *Id.* at 420 (emphasis added); *see also In re S-V-*, 22 I. & N. Dec. 1306, 1308 (B.I.A. 2000) (en banc) (reaffirming that a noncitizen "demonstrates prima facie eligibility for relief where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied").

The BIA's decision to apply a less stringent standard in the context of a prima facie analysis makes sense. A prima

facie showing is merely a threshold showing. *See Reyes v. INS*, 673 F.2d 1087, 1089 (9th Cir. 1982). A standard that requires a prima facie showing that new evidence would likely change the agency's eligibility determination is counterintuitive; it would essentially bypass the prima facie requirement and require the petitioner to proffer evidence that proves her claim for relief at the threshold. *See Guo v. Ashcroft*, 386 F.3d 556, 563–64 (3d Cir. 2004). Therefore, the BIA reasonably applied the "would likely change" standard to decisions on the discretionary ground in *Coelho*, but lowered the burden of proof to a "reasonable likelihood" of establishing eligibility for relief on the prima facie ground in *L-O-G-*.[3]

## 2.

In the years since *Coelho* and *L-O-G-*, we have cited to the correct "reasonable likelihood" standard for deciding on the prima facie ground in several decisions. *See, e.g.*, *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003); *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010); *Kaur v. Garland*, 2 F.4th 823, 833 (9th Cir. 2021). But these published decisions include bare citations without elaborating on the rationale behind the standard applied.

---

[3] Fonseca-Fonseca argues that the "reasonable likelihood" standard applies regardless of the BIA's ground for denial as long as the petitioner had not previously sought the same relief. But, in our view, whether the agency has previously denied the petitioner's claim is simply part of the totality of the circumstances that the agency considers in weighing the new evidence. *See L-O-G-*, 21 I. & N. Dec. at 419–20 (considering totality of the circumstances in ruling on the reasonable likelihood of establishing prima facie eligibility in a motion to reopen). Which standard applies depends on the BIA's ground for denial, not whether the relief was previously sought.

Our unpublished decisions, however, have introduced confusion by citing these two distinct standards loosely and, at times, interchangeably. *See, e.g.*, *Larin-De Hernandez v. Garland*, No. 18-70388, 2022 WL 16630273, at *1 (9th Cir. Nov. 2, 2022) (citing the "reasonable likelihood" standard while approving the BIA's use of the "would not likely change" standard); *Vejar Rodriguez v. Garland*, No. 19-71714, 2021 WL 6067023, at *1 (9th Cir. Dec. 20, 2021) (same); *Chan v. Mukasey*, 261 F. App'x 948, 949 (9th Cir. 2007) (rejecting petitioner's argument that the BIA incorrectly applied the "would likely change" standard while quoting the "reasonable likelihood" standard).

The BIA has, unfortunately, injected the same error into its decisions by applying these distinct standards indiscriminately. *Compare In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 262 (B.I.A. 2002) (en banc) ("By finding prima facie eligibility, we are deciding only that there is a reasonable likelihood that the statutory requirements for the relief sought will be satisfied."), *overruled on other grounds by In re Avetisyan*, 25 I. & N. Dec. 688, 693 (B.I.A. 2012), *and In re Gomez-Gonzalez*, 2014 WL 4259392, at *1 (B.I.A. 2014) (applying "reasonable likelihood" standard to prima facie ground), *with In re Melville*, 2008 WL 2783091, at *1 (B.I.A. 2008) ("[W]e find that this new evidence does not present prima facie evidence that this new material would likely change the result in this case."), *and In re Lojano*, 2012 WL 1705667, at *1 (B.I.A. 2012) (applying the "would likely change" standard in a prima facie case).

The only Ninth Circuit panel to directly address the disparate nature of these standards found, in an unpublished decision, that the "would likely change" standard applied only to determinations made on the discretionary ground whereas the "reasonable likelihood" standard applied to the

prima facie ground.  *See Torres-Jacinto v. Holder*, 531 F.
App'x 817, 818–19 (9th Cir. 2013).  But no other case—
published  or  unpublished—has  offered  a  reasoned
explanation for the standard applied.  We address that gap in
our case law today.

### 3.

The  government  argues  that  the  two  standards  are
interchangeable, and that *L-O-G-*'s discussion of reasonable
likelihood  merely  clarifies  the  "would  likely  change"
standard articulated in *Coelho*.[4]    We disagree.    The
"reasonable likelihood" standard requires a petitioner to
show more than a mere possibility she will establish a claim
for relief, but it does not require the petitioner to demonstrate
she is  more  likely than not to prevail.  *See Boyde v.
California*, 494 U.S. 370, 380 (1990) (identifying the same
parameters  for  establishing  reasonable  likelihood  in  the
context of challenging jury instructions); *see also Smith v.
Holder*, 627 F.3d 427, 437 (1st Cir. 2010) (holding that a
"'reasonable likelihood' means 'showing a realistic chance
that the petitioner can at a later time establish [a claim for
relief]'" (quoting *Guo*, 386 F.3d at 564)).  In contrast, the
"would  likely  change"  standard  requires  a  petitioner  to
establish that it is at least more probable than not that the
new evidence would change the outcome of the claim.  The
"would  likely  change"  standard  plainly  places  a  heavier
burden  on  a  petitioner  than  the  "reasonable  likelihood"

---

[4] The government surprisingly insists that the standards are alike despite
taking a different stance in the Third Circuit.  There, the government
represented that the "reasonable likelihood" standard specifically
applied when evaluating the prima facie ground and conceded that
"reasonable likelihood" and "would likely change" were different
standards.  *See Wright v. Att'y Gen.*, No. 19-3843, 2021 WL 4553022, at
*4 (3d Cir. Oct. 5, 2021).

standard. *Cf. Kaur*, 2 F.4th at 837 (holding that "reasonable likelihood" and "more likely than not" are not equivalent).

Today, we clarify any possible confusion in our case law and reaffirm that the "reasonable likelihood" standard applies to decisions made on the prima facie ground, and the "would likely change" standard applies to decisions made on the discretionary ground. *Accord Guo*, 386 F.3d at 563–64 (holding that "reasonable likelihood" standard applies to prima facie ground for denial); *Lopez v. Mukasey*, 313 F. App'x 96, 100 (10th Cir. 2008) (same).

**B.**

We now turn to Fonseca-Fonseca's case. The BIA concluded that Fonseca-Fonseca failed to provide "evidence of hardship, and thus, prima facie eligibility." The agency, citing *Coelho*, concluded that "the respondent has not submitted persuasive new or previously unavailable evidence that is sufficient to meet his 'heavy burden' of showing that it is likely that the result would change if the proceedings were reopened." When Fonseca-Fonseca pointed out the BIA's error in his motion to reconsider, the BIA again applied the "would likely change" standard.

Because the BIA erred by applying the wrong standard, we remand for the BIA to apply the correct standard in the first instance.

**PETITION GRANTED AND REMANDED.**