**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BLAS LOPEZ BONILLA, | No. 22-1977 |
| Petitioner, | Agency No. A072-681-759 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2024**
Pasadena, California

Before: GILMAN***, N.R. SMITH, and MENDOZA, Circuit Judges.

Blas Lopez Bonilla, a native and citizen of El Salvador, petitions for review

of a Board of Immigration Appeals (BIA) decision denying his motion to reopen

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***       The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

deportation proceedings. The BIA denied the motion as untimely and held that because Lopez Bonilla failed to establish prima facie eligibility for the relief he sought, the changed-country-conditions exception did not apply. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we review under the abuse-of-discretion standard. *Perez-Camacho v. Garland*, 54 F.4th 597, 603 (9th Cir. 2022). The BIA abuses its discretion if its conclusions are "arbitrary, irrational, or contrary to law." *Id.* (citation omitted).

The BIA did not abuse its discretion in concluding that Lopez Bonilla failed to establish a prima facie case for asylum and withholding of deportation, given his failure to show membership in a particular social group. A cognizable particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180 (9th Cir. 2021) (citation omitted); *accord Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). Here, the BIA correctly determined that Lopez Bonilla's proposed particular social group, "El Salvadorans who oppose gang violence," is not cognizable. As the BIA held, the proposed group is not sufficiently particular because it lacks clear boundaries, criteria, and parameters for inclusion. *See*

*Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021). Moreover, the BIA correctly determined that the proposed group lacks social distinction. Lopez Bonilla has put forth no evidence showing that Salvadoran society views those who oppose gang violence as a distinct group, *see id.*; *Diaz-Torres v. Barr*, 963 F.3d 976, 981 (9th Cir. 2020), nor do the Salvadoran government's actions to curb gang violence demonstrate as much.

Nor did the BIA abuse its discretion in determining that Lopez Bonilla failed to establish a prima facie CAT claim. Lopez Bonilla's country-conditions evidence is too general to establish that he faces "a particularized and non-speculative" likelihood of torture if deported to El Salvador. *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (emphasis omitted). He makes no argument to the contrary.

Because Lopez Bonilla has not demonstrated "a reasonable likelihood that the statutory requirements for relief have been satisfied," the BIA did not abuse its discretion in denying his motion to reopen on that basis. *Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022).

**PETITION DENIED.**