NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS MARIO BARBOSA-PAURA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

Nos. 20-71166
      20-73460

Agency No.
A200-902-427

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 2, 2024[**]

Before: BYBEE and OWENS, Circuit Judges, and RAKOFF, District Judge.[***]

Carlos Mario Barbosa-Paura, a native and citizen of Mexico, petitions for

review from the decisions of the Board of Immigration Appeals ("BIA") denying his

application for cancellation of removal and his motion to reopen his application for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

cancellation of removal. We have jurisdiction to consider both challenges under 8 U.S.C. § 1252.[1] See Wilkinson v. Garland, 601 U.S. 209, 222 (2024). For the reasons stated below, we deny the petitions.

We first turn to Barbosa-Paura's challenge to the agency's denial of his application for cancellation of removal. To be eligible for cancellation of removal, a noncitizen must demonstrate that his removal would result in "exceptional and extremely unusual hardship" to a U.S.-citizen or permanent-resident family member. See 8 U.S.C. § 1229b(b)(1)(D). To satisfy the hardship standard, a noncitizen must demonstrate that the harm to his family member is "substantially beyond that which ordinarily would be expected to result from the [noncitizen's] deportation." Ramirez-Perez v. Ashcroft, 336 F.3d 1001, 1006 (9th Cir. 2003) (quotation marks omitted). Our review of the agency's hardship determination is "deferential" because it is "primarily factual." Wilkinson, 601 U.S. at 225.

Barbosa-Paura argues that the agency erred in denying his application for cancellation of removal because it failed to conduct a "future-oriented analysis" of his elder son's asthma condition and his younger son's learning disability. We disagree. The IJ specifically considered whether his sons could obtain medical

---

[1] Barbosa-Paura's challenges primarily pertain to questions of law and mixed questions of law and fact. To the extent Barbosa-Paura disputes any of the IJ's factual findings, we lack jurisdiction to consider his arguments. See Patel v. Garland, 596 U.S. 328, 347 (2022).

treatment and educational opportunities in Mexico, finding that there was no evidence that his elder son could not be treated for asthma in Mexico, that his younger son's learning disability was not "sufficiently documented to adequately evaluate" but did "not appear to be sufficiently serious," and that diminished educational opportunities did not "rise to the level of exceptional and extremely unusual hardship." Based on Barbosa-Paura's testimony, the agency also determined that Barbosa-Paura's children would accompany him to Mexico, where several of their relatives live. Because the agency thus reasonably determined that the asthma condition and learning disability did not demonstrate harm "substantially beyond that which ordinarily would be expected to result from the [noncitizen's] deportation," Ramirez-Perez, 336 F.3d at 1006, we hold that the agency did not err in denying Barbosa-Paura's application for cancellation of removal.

We next consider Barbosa-Paura's motion to reopen his application for cancellation of removal. "The BIA can deny a motion to reopen on any one of 'at least' three independent grounds—'failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.'" Fonseca-Fonseca v. Garland, 76 F.4th 1176, 1180 (9th Cir. 2023) (citing Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010)). In deciding a motion to reopen based on prima facie

3

eligibility, the BIA considers whether the new evidence demonstrates a "reasonable likelihood" that the noncitizen is eligible for the requested relief. Id. at 1183. By contrast, in deciding a motion to reopen on a discretionary basis, the BIA considers whether the new evidence "would likely change" the result of the case. Id. "We review the denial of a motion to reopen for abuse of discretion." Bent v. Garland, No. 22-1910, 2024 WL 4103370, at *3 (9th Cir. 2024).

We affirm the denial of Barbosa-Paura's motion to reopen. In his motion to reopen, Barbosa-Paura presented evidence that: (1) his elder son's asthma has worsened and that he has suffered abnormal weight gain; (2) his younger son has now been formally diagnosed with ADHD; and (3) his daughter was hospitalized three times for having suicidal thoughts, became pregnant at the age of fifteen, and would depend on her father to support her and her child financially. He did not present any evidence that his children would be unable to access related healthcare or financial support in Mexico. Proceeding under the prima facie prong, the BIA determined that Barbosa-Paura had "not established that his proffered evidence would likely change the result in his case" and denied his motion. In doing so, the BIA appears to have applied the wrong standard. However, Barbosa-Paura did not raise this argument before this Court, so he has forfeited it.[2] Under these

---

[2] After briefing in this case, this Court decided Fonseca-Fonseca v. Garland, 76 F.4th 1176 (9th Cir. 2023), which clarified the standards of review for motions to reopen. This Court later requested supplemental briefing in light of the Supreme Court's

circumstances, we see no reason to disturb the BIA's decision to deny Barbosa-Paura's motion to reopen.

We have considered Barbosa-Paura's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petitions are **DENIED**.[3]

---

decision in <u>Wilkinson v. Garland</u>, 601 U.S. 209 (2024). The Government discussed both <u>Wilkinson</u> and <u>Fonseca-Fonseca</u> in its supplemental briefing. Barbosa-Paura did not file a supplemental brief.

[3] Barbosa-Paura briefly challenges the agency's denial of his request for administrative closure, stressing that he is "not an enforcement priority." However, both this Court and the agency lack the authority to instruct the Department of Homeland Security on how to exercise its prosecutorial discretion, so we do not consider that argument.