**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HAISHENG WU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 20-72719

Agency No. A098-432-399

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2024**
San Francisco, California

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Petitioner Haisheng Wu, a citizen of the People's Republic of China,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

dismissing her appeal of an Immigration Judge's ("IJ") denial of her third motion

to reopen her removal proceedings, in which she sought to rescind her 2005 *in*

*absentia* removal order. We have jurisdiction under § 242 of the Immigration and

Nationality Act ("INA"), 8 U.S.C. § 1252. We review the denial of a motion to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

reopen for abuse of discretion. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023). Under this standard, "[w]e must uphold the [BIA's] ruling unless it acted arbitrarily, irrationally, or contrary to law." *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004) (simplified). We deny the petition.

1. Before the IJ and the BIA, Wu contended that, because her original November 11, 2004 Notice to Appear ("NTA") for a removal hearing lacked a date, time, and place for her hearing, the immigration court violated 8 C.F.R. § 1003.14(a) and therefore lacked jurisdiction over her removal proceedings. This contention fails, however, because "§ 1003.14(a) is a nonjurisdictional claim-processing rule," and "defects in an NTA . . . have no bearing on an immigration court's adjudicatory authority." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc). In any event, the immigration court complied with § 1003.14 by later supplementing the November 11, 2004 NTA with a notice of hearing for Wu's initial December 2, 2024 master calendar hearing, at which she appeared.[1] *Id.*

---

[1] Moreover, a notice of hearing for her next hearing was thereafter mailed to the address Wu provided when she was released from immigration custody, but the notice was returned as undeliverable. Wu failed to appear at that hearing and was ordered removed *in absentia*. Her motion to reopen under INA § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C), seeking rescission of that *in absentia* removal order due to the asserted lack of receipt of notice was denied by an IJ in 2013, and the BIA affirmed in 2014. To the extent that Wu's brief in this court attempts to raise new grounds for rescission under § 240(b)(5)(C), such as the conduct of her attorney in her removal proceedings, any such claim is unexhausted.

2.  To the extent that Wu contends that a valid NTA is a statutory requirement for a valid *in absentia* removal order, that claim was not exhausted before the agency.  *See Abebe v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir. 2009) (en banc).  In any event, that contention was recently squarely rejected by the Supreme Court.  *Campos-Chaves v. Garland*, 602 U.S. 447, 144 S. Ct. 1637, 1643 (2024).

**PETITION DENIED.**