NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIONEL PRINCE DEON BOGLE, | No. 20-71025 |
| Petitioner, | Agency No. A086-972-722 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2025**
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Lionel Bogle, a native and citizen of Jamaica, petitions for review of a Board

of Immigration Appeals' ("BIA") decision denying his motion to reopen

immigration proceedings. We have jurisdiction under 8 U.S.C. § 1252 and deny the

petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review denials of motions to reopen for abuse of discretion" and "defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (simplified). In this case, the BIA denied Petitioner's motion to reopen for "failure to introduce previously unavailable, material evidence." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (simplified).

To be "previously unavailable" material, the "new" evidence "must be 'qualitatively different' from the evidence presented at the previous hearing." *Najmabadi*, 597 F.3d at 987 (simplified); *see also* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted[.]"). Petitioner based his motion on a *nolle prosequi* order issued by a Georgia state court, which simply confirmed the completion of the conditional discharge agreement that resolved his marijuana conviction. The evidence is not "qualitatively different" from the conditional discharge agreement which Petitioner already presented to the agency in earlier proceedings. And we have already concluded that Petitioner's conviction was valid for immigration purposes—even if it was subject to a conditional discharge agreement and eventually discharged. *Bogle v. Garland*, 21 F.4th 637, 642, 645 (9th Cir. 2021). The BIA thus did not abuse its discretion by denying his motion to reopen.

**PETITION DENIED.**