**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

AUG 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS BLAS MACHA,<br><br>         Petitioner,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>         Respondent. | No. 23-2116<br><br>Agency No.<br>A078-331-221<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2025[**]
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

Petitioner Luis Blas Macha, a native and citizen of Peru, petitions for review

of a decision by the Board of Immigration Appeals (BIA) denying his motion to

reopen his proceedings to apply for cancellation of removal. We have jurisdiction

pursuant to 8 U.S.C. § 1252, and we deny the petition for review. Because the

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context to our ruling.

1. The BIA did not abuse its discretion by denying Blas Macha's motion as untimely. Blas Macha does not dispute that his motion is technically time-barred because it was not filed within 90 days of the BIA's prior decision. *See* 8 C.F.R. § 1003.2(c)(2). Nevertheless, Blas Macha contends that the BIA abused its discretion by denying equitable tolling with respect to his motion. Blas Macha specifically argues that equitable tolling was warranted because the issuance of *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), in April 2021 constituted a "fundamental change in law" that prevented him from applying for cancellation of removal at a previous time.

A petitioner seeking equitable tolling must establish two criteria: (1) "'some extraordinary circumstance,'" including a change in the law, "'stood in his way' and prevented timely filing" and (2) he "'has been pursuing his rights diligently.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see Lona v. Barr*, 958 F.3d 1225, 1232–33 (9th Cir. 2020). Blas Macha satisfies neither criterion. *Niz-Chavez* does not constitute a "change in the law" that "'prevented timely filing' of [Blas Macha's] motion" because it "plainly followed," *Lona*, 958 F.3d at 1232 (quoting *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016)), two other decisions that stand for similar

2                                                                                          23-2116

propositions: *Pereira v. Sessions*, 585 U.S. 198 (2018), and *Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019). Similarly, Blas Macha did not diligently pursue his rights because he could have relied on these decisions to file his motion years sooner. *See Lona*, 958 F.3d at 1232. Thus, the BIA did not abuse its discretion by denying equitable tolling or by denying Blas Macha's motion as untimely.

2. The BIA also did not abuse its discretion by denying Blas Macha's motion on the merits. To succeed on a motion to reopen, a petitioner must demonstrate "a reasonable likelihood that [he] would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). Because Blas Macha sought to reopen to apply for cancellation of removal, he was required to demonstrate a reasonable likelihood of satisfying the requirements for that relief. *See id.* Those requirements include, *inter alia*, a showing that "removal would result in exceptional and extremely unusual hardship to" a qualifying relative. 8 U.S.C. § 1229b(b)(1).

The BIA concluded that Blas Macha had not demonstrated a reasonable likelihood of prevailing on his cancellation of removal application because he had not shown that his relatives would suffer sufficient hardship. This conclusion was not an abuse of discretion. Blas Macha had contended that his son would suffer extreme hardship in his absence because he required special support following a surgery and further assistance with his special educational needs. However, the

23-2116

evidence adduced by Blas Macha indicated that his son's medical needs had abated and that he was no longer in special education. Therefore, the BIA did not abuse its discretion by concluding that Blas Macha was not reasonably likely to prevail on his application for cancellation of removal. *See Fonseca-Fonseca*, 76 F.4th at 1179.

3. We lack jurisdiction to review Blas Macha's challenge to the BIA's denial of *sua sponte* reopening. We have jurisdiction to review such decisions only "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Blas Macha contends that the BIA's decision was premised on legal error because it erroneously concluded that *Niz-Chavez* did not constitute a change in law sufficient to support equitable tolling. However, for the reasons previously discussed, this conclusion was not a legal error. Therefore, because the BIA's denial of *sua sponte* reopening was discretionary and not premised on legal or constitutional error, we lack jurisdiction to review the BIA's decision.

**PETITION DENIED.**