**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANA ELIZABETH BERMEO-COLIN, | No. 23-3853 |
| Petitioner, | Agency No. A205-942-987 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2025[**]
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Petitioner Diana Elizabeth Bermeo-Colin, a citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her timely motion to reopen her removal proceedings for further consideration of her application for cancellation of removal. We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. *See He v. Gonzales*, 501 F.3d 1128, 1129 n.1 (9th Cir. 2007) ("The denial of a motion to reopen is a final

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

administrative decision subject to judicial review in the court of appeals.").  We review the denial of a motion to reopen for abuse of discretion.  *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023).  We deny the petition.

The BIA denied Bermeo-Colin's motion for reopening on the ground that the new evidence she submitted concerning her younger son's health did not establish a "reasonable likelihood that her removal would result in exceptional and extremely unusual hardship" to her three U.S.-citizen children.  *See* 8 U.S.C. § 1229b(b)(1)(D) (stating that, to qualify for a discretionary grant of cancellation of removal, an alien must establish, *inter alia*, that "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence"); *see also Fonseca-Fonseca*, 76 F.4th at 1183 (stating that a motion to reopen seeking discretionary relief may be denied if, *inter alia*, the applicant fails to show a "reasonable likelihood" that he or she is statutorily eligible for such relief).  This ruling was not an abuse of discretion.

Petitioner's motion to reopen asserted that the attached medical records established that her younger son had been diagnosed with a number of "complications of the Covid-19," including "reactive airway disease" that she claimed made breathing difficult.  In explaining why this evidence did not establish a reasonable likelihood that Bermeo-Colin could show the requisite "exceptional

and extremely unusual hardship," 8 U.S.C. § 1229b(b)(1)(D), the BIA noted that (1) her removal to Mexico would not affect her son's medical treatment, because her son would stay in the United States with his father; (2) the medical records indicated that her son's "reactive airways disease" could be managed with an inhaler and that the doctor believed that he would be well enough to attend school; and (3) the medical records were already several months old at the time Bermeo-Colin submitted them and she had provided no updated information about her son's condition. All of these conclusions are supported by evidence in the record, and the BIA did not abuse its discretion in concluding, on these bases, that Bermeo-Colin had not established a reasonable likelihood that she would be statutorily eligible for cancellation of removal. The motion to reopen was therefore properly denied.

**PETITION DENIED.**