NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIRGINIA HERNANDEZ PEREZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-4896<br><br>Agency No.<br>A202-017-130<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2025**
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Virginia Hernandez-Perez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming an

Immigration Judge's ("IJ") denial of her application for cancellation of removal

and denying her motion to remand. We have jurisdiction under 8 U.S.C. § 1252,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we deny the petition.

1.      To be eligible for cancellation of removal, an applicant must establish that "removal would result in exceptional and extremely unusual hardship" to a qualifying relative.  8 U.S.C. § 1229b(b)(1)(D).  We review the agency's hardship determination for substantial evidence.  *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025).  Under the substantial evidence standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Id.* at 1002 (quoting 8 U.S.C. § 1252(b)(4)(B)).  "Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).

Substantial evidence supports the agency's determination that Hernandez-Perez's removal would not result in exceptional and extremely unusual hardship for her four minor daughters.  To constitute exceptional and extremely unusual hardship, the hardship must be "out of the ordinary and exceedingly uncommon," *Gonzalez-Juarez*, 137 F.4th at 1006, and it must be "'substantially different from, or beyond, that which would normally be expected from the deportation' of a 'close family member,'" *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024) (brackets omitted) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)). The agency found that (1) Hernandez-Perez's children would stay in the United

States under the care of their father and grandparents; (2) the father and grandparents were employed and could financially support the children; and (3) the grandparents, both lawful permanent residents, could take the children to visit their mother in Mexico. Although Hernandez-Perez's six-year-old daughter, Dalila, was diagnosed with attention deficit hyperactivity disorder and struggled with communication and learning, the agency found that Dalila would remain in the United States, covered by state health insurance, and would "continue to have access to treatment and any medication that she may need." These facts do not compel a finding of exceptional and extremely unusual hardship. Hernandez-Perez's sparse testimony about the impact of her own anxiety and her argument that she would be unable to immigrate back to the United States for at least ten years do not rebut the presumption that "the BIA thoroughly considers all relevant evidence in the record." *Szonyi v. Whitaker*, 915 F.3d 1228, 1238 (9th Cir. 2019).

2. We review the BIA's denial of the motion to remand for abuse of discretion. *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). "The BIA abuses its discretion when it 'act[s] arbitrarily, irrationally, or contrary to law.'" *Id.* (alteration in original). The BIA did not abuse its discretion in denying Hernandez-Perez's motion to remand after determining that she failed to establish prima facie eligibility for relief. Prima face eligibility for cancellation of removal requires "a reasonable likelihood that the statutory requirements for relief have

been satisfied." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023) (quoting *In re S-V-*, 22 I. & N. Dec. 1306, 1308 (BIA 2000)). Although Hernandez-Perez submitted new evidence of Dalila's diagnosis with posttraumatic stress disorder and social communication disorder after the hearing, the BIA concluded that this evidence did not alter the hardship determination given the IJ's findings that Dalila would continue to have access to medical resources and the family support network in the United States. The BIA did not abuse its discretion in so concluding. The IJ already heard testimony about Dalila's underlying symptoms, and the formal diagnosis is not "'qualitatively different' from the evidence presented at the previous hearing" to warrant remand. *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)).

**PETITION DENIED.**