NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE CASTANEDA FLORES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-873

Agency No.
A205-465-498

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2025**
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Jose Castaneda Flores, a native of Mexico and citizen of Mexico and

Ecuador, petitions for review of the Board of Immigration Appeals' ("BIA") order

denying his untimely motion to reopen his removal proceedings and declining to

reopen the proceedings *sua sponte*. Castaneda Flores seeks to reopen the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings to apply for cancellation of removal under 8 U.S.C. § 1229b. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion and reverse only when the BIA's denial is "arbitrary, irrational or contrary to law." *Nababan v. Garland*, 18 F.4th 1090, 1094 (9th Cir. 2021). We review the BIA's exercise of its *sua sponte* authority only for "legal or constitutional error." *Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We deny the petition in part and dismiss it in part.

1. The BIA did not abuse its discretion in denying Castaneda Flores's motion to reopen as untimely. A motion to reopen must be filed within ninety days of the BIA's final order of removal unless it falls within a statutory exception. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Castaneda Flores's motion to reopen, filed over four years after the BIA's final order of removal, was untimely and did not identify an applicable statutory exception.

It is true that equitable tolling may apply "where the petitioner seeks excusal from untimeliness based on a change in the law that invalidates the original basis for removal." *Lona*, 958 F.3d at 1230. Even assuming that Castaneda Flores properly exhausted this argument before the BIA, the agency did not abuse its discretion in denying equitable tolling. *Niz-Chavez v. Garland*, 593 U.S 155 (2021), would not have affected Castaneda Flores's eligibility for cancellation of removal because, at the time of the BIA's final order of removal, Castaneda Flores

had not been physically present in the United States for ten continuous years. *See* 8 U.S.C. § 1229b(b)(1)(A) (requiring ten years of continuous physical presence in the United States to apply for cancellation of removal).

We also find no abuse of discretion in the BIA's determination that Castaneda Flores did not demonstrate prima facie eligibility for cancellation of removal. Prima facie eligibility requires "a reasonable likelihood that the petitioner would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). The record supports the BIA's determination it is not "reasonable likely" that Castaneda Flores's removal would cause exceptional and extremely unusual hardship for his children. *See* 8 U.S.C. § 1229b(b)(1)(D) (cancellation of removal requiring a showing that "removal would result in exceptional and extremely unusual hardship" to a qualifying relative); *see also Wilkinson v. Garland*, 601 U.S. 209, 222 (2024) (requiring that the hardship be substantially different from or beyond the hardship normally faced as a result of the removal of a close family member).

Castaneda Flores claims that his removal would harm his youngest child, who is speech- and language-impaired. However, the BIA noted that a report from the child's public school concluded that Castaneda Flores's child no longer met the eligibility criteria to be considered speech- and language- impaired. And

3                                                  24-873

Castaneda Flores did not submit an affidavit or other evidence concerning his child's alleged impairment.

2.      We lack jurisdiction to review the BIA's failure to reopen removal proceedings *sua sponte* under 8 C.F.R § 1003.2(a) because Castaneda Flores has not properly identified any "legal or constitutional error" in the BIA's order. *Lona*, 958 F.3d at 1227; *see* also 8 C.F.R. § 1003.2(a) (stating that the BIA has "discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief"). We therefore dismiss this challenge for lack of jurisdiction.

**PETITION DENIED in part and DISMISSED in part.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.