NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARLIN AUSENCIO LOPEZ-
HERNANDEZ,

No.   20-70845

Petitioner,

Agency No. A205-139-592

v.

MEMORANDUM[*]

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2026[**]
Phoenix, Arizona

Before:  BERZON, CALLAHAN, and FRIEDLAND, Circuit Judges.

Marlin Ausencio Lopez-Hernandez, a native and citizen of Guatemala,

petitions for review of the denial by the Board of Immigration Appeals ("BIA") of

his motion to reopen.  The BIA had previously agreed with an Immigration Judge

that Lopez-Hernandez had not shown that "his removal to Guatemala would result

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in exceptional and extremely unusual hardship to any of his United States children." The BIA concluded that Lopez-Hernandez's motion to reopen did not meet his "heavy burden" of demonstrating his proceedings should be reopened. Lopez-Hernandez filed a timely petition for review.

We have jurisdiction to consider the petition. We review the BIA's denial of reopening for abuse of discretion. *Lemus-Escobar v. Bondi*, 158 F.4th 944, 952 (9th Cir. 2025). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, or when it fails to provide a reasoned explanation for its actions." *Id*. (citation modified).

The Supreme Court in *Wilkinson v. Garland*, 601 U.S. 209, 222, 225 (2024) held that the application of the "exceptional and extremely unusual hardship" standard is a mixed question of law and fact, and that "[m]ixed questions of law and fact, even when they are primarily factual, fall within the statutory definition of 'questions of law' in § 1252(a)(2)(D) and are therefore reviewable." *See also Lemus-Escobar*, 158 F.4th at 953. However, although fact-intensive mixed questions are reviewable, they "still warrant 'deferential' review by the circuit court." *Id*. at 954 (quoting *Wilkinson*, 601 U.S. at 225).

Lopez-Hernandez's October 2, 2019, motion to reopen stated that in June 2017, his then nine-month-old daughter suffered a traumatic head injury and had neurosurgery and a decompressive craniotomy. It also stated that the May 21,

2

2019, post-surgery removal of cranial hardware was successful, and the daughter was discharged the following day.

The BIA denied the motion to reopen. It acknowledged that Lopez-Hernandez's daughter's injury may have resulted in "a heightened need for continuing medical care in this country," but noted "an absence of persuasive evidence that, upon the respondent's removal, his child will be unable to continue receiving adequate medical care in the United States." It further commented that "medical records indicate that the child is the primary subscriber to a government-funded health plan and that her mother is a guarantor," and noted the absence of evidence "that the child's mother is unable to adequately ensure that the child attends future appointments and obtains adequate care without his assistance.

The BIA considered the motion to reopen and gave a reasoned explanation for its denial. Lopez-Hernandez has not shown that the BIA's reliance on his daughter's ability to continue to obtain medical care in the United States was arbitrary, irrational, or contrary to the law. Nor has he shown that his daughter's injury and recovery created even a "reasonable likelihood" that he could show that his removal would create an exceptional and extremely unusual hardship. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1181 (9th Cir. 2023). Accordingly, the petition is **DENIED.**