**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

APR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JESSICA YUNUEN VARGAS SANCHEZ, | No. 22-1584 |
| Petitioner, | Agency No. A201-902-642 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2026[**]
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Jessica Yunuen Vargas Sanchez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying a motion to reopen. We review the denial of a motion to reopen for abuse of discretion.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. A petitioner seeking reopening must "establish prima facie eligibility for the relief sought." *Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1116 (9th Cir. 2024). The BIA did not abuse its discretion in concluding that Vargas failed to establish prima facie eligibility for asylum and withholding of removal. Vargas submitted five news articles in support of her motion to reopen, which generally describe Mexican cartel violence and government corruption. But those articles, considered along with the remaining evidence in the record, do not show a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Vargas asserts that the articles demonstrate "open political hostility" toward her political party, but four of the articles do not mention the party, and the final article describes a dispute between Mexican officials about American politics and says nothing about persecution against ordinary party members. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (explaining that a petitioner must show that he was persecuted because of his political opinion, not merely that he has one).[1]

---

[1] Vargas asserts, without citation to the record, that she presented evidence she was "explicitly targeted" based on "political affiliation." But a motion to reopen is not an invitation to review the record; it must be based on "new facts." 8 C.F.R.

2. The BIA also did not abuse its discretion in concluding that Vargas failed to establish prima facie eligibility for relief under the Convention Against Torture ("CAT"). Generalized evidence of "crime and police corruption" does not establish the "particularized risk of torture" necessary for CAT relief. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022). Nor does the evidence undermine the agency's conclusion that Vargas was able to safely relocate within Mexico. *See id.* at 707; 8 C.F.R. § 1208.16(c)(3)(ii).

3. We reject, as unsupported by the record, Vargas's assertions that the BIA ignored evidence and failed to consider the cumulative evidence in the record.

4. Finally, we decline to consider Vargas's arguments that she has shown a pattern or practice of persecution and that she is a member of a disfavored group because she failed to exhaust those arguments to the BIA. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION FOR REVIEW DENIED.**[2]

---

§ 1003.2(c)(1). Regardless, the record contains no such evidence. Vargas testified that her political opinion was only one of her three "theories" about why a cartel targeted her family.

[2] The stay of removal will be vacated on issuance of the mandate.