**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JIN LIU,<br><br>                Petitioner,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>                Respondent. | No. 25-2550<br><br>Agency No.<br>A078-446-352<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026[**]

Before: McKEOWN, N.R. SMITH, and H.A. THOMAS, Circuit Judges.

Jin Liu seeks review of a decision of the Board of Immigration Appeals

(BIA) denying his motion to reopen his removal proceedings. The parties are

familiar with the facts, and we do not recite them here. We have jurisdiction

pursuant to 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review.

The Immigration and Nationality Act deprives us of jurisdiction to review Liu's challenge to the BIA's denial of the motion to reopen as to his applications for asylum and statutory withholding of removal. 8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a [covered] criminal offense."); *Coria v. Garland*, 114 F.4th 994, 1002–03 (9th Cir. 2024) (Section 1252(a)(2)(C) bars judicial review of challenges to a final order of removal against criminal aliens raised in a motion to reopen). Liu remains removable under Section 1227(a)(2)(A)(iii), for his conviction of an aggravated felony related to illicit trafficking of a controlled substance, and Section 1227(a)(2)(B)(i), for his conviction of a controlled substance violation. He also presents no colorable "constitutional claims or questions of law" over which we could retain jurisdiction. 8 U.S.C. § 1252(a)(2)(D).

Section 1252(a)(2)(C)'s jurisdictional bar leaves only Liu's request for protection under the Convention Against Torture (CAT) intact. *Coria*, 114 F.4th at 1000. Although Liu filed his motion to reopen more than six years after the BIA's initial decision, that motion is based on changed country conditions and is not subject to the standard ninety-day time limit. 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii).

We do not decide whether Liu carried his burden to establish a "material"

change in conditions in China, *id.* § 1229a(c)(7)(C)(ii), because Liu does not establish prima facie eligibility for CAT relief. *Fonseca-Fonseca v. Garland,* 76 F.4th 1176, 1179 (9th Cir. 2023). In support of his application for relief, Liu submitted an affidavit from his father claiming that local police in Tianjin came to his home and demanded that Liu return to China to stand trial for the "crime of secession," a "Receipt" indicating membership in the Chinese Democracy Party in the United States, photographs of Liu attending demonstrations, press releases by the United States government discussing Chinese government activities in this country, and articles discussing Chinese government activities in this country and elsewhere. That threadbare evidence is plainly insufficient for purposes of a CAT claim. There was no abuse of discretion in the BIA's conclusion that Liu's evidence did not establish "a reasonable likelihood," *id.* at 1179–81, that "it is more likely than not that he . . . would be tortured" by, "at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity" if removed to China. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Liu's evidence is too generalized and speculative to support the conclusion that the treatment that he would receive upon removal to China would amount to torture. *See Sarkar v. Garland*, 39 F.4th 611, 623 (9th Cir. 2022) (collecting cases).

**PETITION DISMISSED in part and DENIED in part.**[1]

---

[1] The stay of removal (Dkt. No. 2) will dissolve when the mandate issues.