**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO JUAN LUCAS LOPEZ, | No. 20-71893 |
| Petitioner, | Agency No. A096-193-522 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Roberto Juan Lucas Lopez, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals decision denying his motion to remand and dismissing his appeal from an immigration judge's order denying his applications for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Lucas does not contest the immigration judge's decision to deny asylum, withholding of removal, or CAT protection based on the facts as they were presented to the immigration judge. Rather, he argues that the Board abused its discretion by declining to remand the case to the immigration judge to allow him to present those claims anew after he offered evidence of changed country conditions. We review the Board's denial of a motion to remand for abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). "The [Board] abuses its discretion when it 'act[s] arbitrarily, irrationally, or contrary to law.'" *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023) (quoting *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005)).

"The formal requirements of the motion to reopen and those of the motion to remand are for all practical purposes the same." *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987). Therefore, as with a motion to reopen, the Board can deny a motion to remand "on any one of 'at least' three independent grounds—'failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.'" *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010)

2

(quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)).

To demonstrate changed country conditions, Lucas submitted to the Board a declaration asserting that he is now "very afraid of returning to Guatemala" because the country "has become very dangerous for Indigenous Mayans such as [himself]" and because "the Government will not lift a finger to protect [them]." In denying his motion to remand, the Board found that Lucas's declaration, evaluated alongside the evidence presented to the immigration judge, was insufficient to make out a prima facie case for relief. That conclusion was not an abuse of discretion.

To establish prima facie eligibility for asylum and withholding of removal, a petitioner must provide "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Nagoulko v. INS*, 333 F.3d 1012, 1015–16 (9th Cir. 2003); *see also Aleman-Belloso v. Garland*, 121 F.4th 1165, 1173 (9th Cir. 2024). Lucas's declaration contained neither direct nor specific evidence supporting a reasonable fear of persecution. Rather, it contained only broad, conclusory statements about the economic conditions in Guatemala and general safety concerns facing indigenous Mayan Guatemalans. *See Silva v. Garland*, 993 F.3d 705, 718–19 (9th Cir. 2021) (holding that "speculative conclusions" and "vague assertions" contained in petitioner's declaration were insufficient to establish prima facie case for asylum and withholding of removal).

3

The record does not compel the conclusion that Lucas established a "reasonable likelihood" that he is eligible for asylum or withholding of removal. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023).

Nor did Lucas establish a prima facie case for CAT protection. To qualify for CAT protection, Lucas had to show that it is more likely than not that he will be tortured if removed to Guatemala. *See Aleman-Belloso*, 121 F.4th at 1178; 8 C.F.R. § 1208.16(c)(2). The conclusory statements in Lucas's declaration did not make such a showing. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that generalized evidence of crime in Mexico was insufficient to establish prima facie eligibility for CAT protection).

Finally, to the extent that Lucas argues that the Board erred by not considering the new evidence he submitted or not providing a reasoned explanation for its decision to deny the motion to remand, his argument is unsupported by the record. "The agency need not engage in a lengthy discussion of every contention raised by a petitioner" but need only "'consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (quoting *Najmabadi*, 597 F.3d at 990). The Board did so here by acknowledging Lucas's declaration and explaining that it was insufficient to establish prima facie eligibility for relief.

4

**PETITION DENIED.**