**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETROCINIO ALVARENGA-RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-2918 <br><br> Agency No. A088-721-732 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2025[**]
San Francisco, California

Before: S.R. THOMAS, W. FLETCHER, and M. SMITH, Circuit Judges.

Petitioner Petrocinio Alvarenga-Rodriguez petitions for review of a Board of

Immigration Appeals ("BIA") decision denying his motion to reopen. He moved

to reopen his proceedings to apply for cancellation of removal. We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

We review the BIA's denial of a motion to reopen for abuse of discretion. *Cui v. Garland*, 13 F.4th 991, 995 (9th Cir. 2021). Alvarenga-Rodriguez contends that the BIA abused its discretion when it declined to equitably toll his untimely motion to reopen. But even if he prevailed on the issue of equitable tolling, that would not necessarily result in a favorable decision. The BIA also denied Alvarenga-Rodriguez's motion to reopen on two "independent grounds": (1) "failure to establish a prima facie case for" cancellation of removal; and (2) failure to show he would be entitled to a favorable exercise of discretion for cancellation of removal. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (quoting *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010)).

"[P]rima facie eligibility for relief requires only a threshold showing of eligibility—a reasonable likelihood that the petitioner would prevail on the merits if the motion to reopen were granted." *Id.* at 1179. To be eligible for cancellation of removal, Alvarenga-Rodriguez must, among other criteria, "'establis[h] that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child,' who is a U.S. citizen or lawful permanent resident." *Wilkinson v. Garland*, 601 U.S. 209, 213 (2024) (second alteration in original) (quoting 8 U.S.C. § 1229b(b)(1)(D)). The BIA concluded that Alvarenga-Rodriguez had not demonstrated a reasonable likelihood of prevailing on his cancellation of removal application because he had "not identified and documented

2

heightened hardship" to his U.S. citizen children "beyond that which would normally be expected to occur." That is, Alvarenga-Rodriguez did not show his removal would result in exceptional and extremely unusual hardship to his children. The BIA did not abuse its discretion in denying his motion to reopen on the prima facie eligibility ground.

Further, if a movant seeks relief that requires a favorable exercise of discretion, he must meet the "would likely change" standard by "establish[ing] that it is at least more probable than not that the new evidence would change the outcome of the claim." *Fonseca-Fonseca*, 76 F.4th at 1183. The BIA independently denied Alvarenga-Rodriguez's motion to reopen because he had not sufficiently addressed whether he would deserve a favorable exercise of discretion, "such that a different outcome would be likely." The BIA applied the correct "would likely change" standard. *See id.* It permissibly put the burden on Alvarenga-Rodriguez to satisfy that standard given that "a moving party must show that he warrants the relief sought as a matter of discretion." *Matter of Coelho*, 20 I. & N. Dec. 464, 472 (BIA 1992); *see also Matter of Chen*, 28 I. & N. Dec. 676, 682 (BIA 2023). In his motion to reopen, Alvarenga-Rodriguez did not address or attempt to diminish the force of a significant negative factor that weighed against a favorable exercise of discretion. BIA therefore did not abuse its discretion in denying his motion to reopen on this discretionary ground.

**PETITION DENIED.**