**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISAIAS SALCIDO CORONEL, | No. 24-1961 |
| Petitioner, | |
| v. | Agency No. A200-824-400 |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2025**
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS, Circuit Judges.

Petitioner Isaias Salcido Coronel, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' (BIA) denial of his motion to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen and reconsider. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen or reconsider, as well as the denial of equitable tolling, for abuse of discretion. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023); *Cui v. Garland*, 13 F.4th 991, 1000 (9th Cir. 2021). We review questions of law de novo. *Fonseca-Fonseca*, 76 F.4th at 1180. Further, we review for substantial evidence the BIA's determination that a noncitizen has not established exceptional and extremely unusual hardship to a qualifying relative for purposes of eligibility for cancellation of removal. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We deny the petition for review.

I

The BIA did not abuse its discretion in denying petitioner's motion to reopen because he failed to establish prima facie eligibility for cancellation of removal. The BIA may deny a motion to reopen on several grounds, including the "failure to establish a prima facie case for the relief sought." *Fonseca-Fonseca*, 76 F.4th at 1180 (quoting *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010)). "[P]rima facie eligibility for relief requires only a threshold showing of eligibility—a reasonable likelihood that the petitioner would prevail on the merits

2

if the motion to reopen were granted." *Id.* at 1179. In other words, "a noncitizen 'demonstrates prima facie eligibility for relief where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied.'" *Id.* (quoting *In re S-V-*, 22 I. & N. Dec. 1306, 1308 (BIA 2000) (en banc)). The statutory requirements a noncitizen must satisfy to be eligible for cancellation of removal include "'that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child,' who is a U.S. citizen or lawful permanent resident." *Wilkinson v. Garland*, 601 U.S. 209, 213 (2024) (quoting 8 U.S.C. § 1229b(b)(1)(D)) (alteration in original).

To satisfy the "exceptional and extremely unusual hardship" requirement of § 1229b(b)(1)(D), "the hardship must be out of the ordinary and exceedingly uncommon" and "must deviate, in the extreme, from the norm." *Gonzalez-Juarez*, 137 F.4th at 1006. Here, for three reasons, substantial evidence supports the conclusion that Salcido Coronel failed to demonstrate a reasonable likelihood that the hardship to his children resulting from his removal would be exceptional and extremely unusual.

First, substantial evidence supports the BIA's conclusion even when considering Salcido Coronel's son's epilepsy. As the BIA noted, the medical documents in the record and Salcido Coronel's own declaration in support of his

3

motion indicate that his son has been seizure-free since 2010 and has not required daily medication for his epilepsy since 2014.

Second, substantial evidence supports the BIA's conclusion even when considering Salcido Coronel's daughter's asthma. The BIA acknowledged his daughter's condition but concluded that Salcido Coronel's asserted hardships, collectively, did not rise to the level of exceptional and extremely unusual. Salcido Coronel does not point to any evidence in the record that the BIA failed to consider regarding his daughter's asthma.

Finally, Salcido Coronel provided no supporting evidence establishing that any financial or emotional hardship to his children would rise to the level of an exceptional and extremely unusual hardship. *See Cabrera-Alvarez v. Gonzalez*, 423 F.3d 1006, 1013 (9th Cir. 2005) (stating that emotional hardships on children are "sadly common" when a noncitizen parent is removed).

Thus, because its findings are supported by substantial evidence, the BIA did not abuse its discretion in its determination that Salcido Coronel failed to establish prima facie eligibility for cancellation of removal under § 1229b(b)(1).

II

We lack jurisdiction to review the issue of whether the BIA abused its discretion in not exercising its sua sponte authority to reopen Salcido Coronel's

4

removal proceedings. The BIA "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). In the absence of a "sufficiently meaningful standard against which to judge the BIA's decision," we generally "do not have jurisdiction to review [a] claim that the BIA should have exercised its *sua sponte* power" to reopen or reconsider. *Ekimian v. Immigr. & Naturalization Serv.*, 303 F.3d 1153, 1159 (9th Cir. 2002). We retain jurisdiction to review this "unfettered discretion" only in "instances where the agency misconstrues the parameters of its sua sponte authority based on legal or constitutional error." *Lona v. Barr*, 958 F.3d 1225, 1237 (9th Cir. 2020). There was no such error in this case. Thus, we lack jurisdiction to review the BIA's decision not to reopen Salcido Coronel's proceedings sua sponte.

## III

Given our conclusion that the BIA did not abuse its discretion in determining that petitioner did not establish prima facie eligibility for cancellation of removal and that we lack jurisdiction over the question of whether the BIA erred in not reopening the proceedings sua sponte, we need not—and do not—reach any other issue presented or argued by the parties.

**PETITION DENIED**.