**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OCT 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRENE AGUIRRE-CASTANEDA, | No. 24-5152 |
| Petitioner, | Agency No. A205-940-621 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025**
Phoenix, Arizona

Before: GRABER and BADE, Circuit Judges, and NAVARRO, District Judge.***

Petitioner Irene Aguirre-Castaneda, a native and citizen of Mexico, seeks

review of a final order of the Board of Immigration Appeals (BIA) denying her

motion to reopen proceedings for cancellation of removal. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

under 8 U.S.C. § 1252, *see Lemus-Escobar v. Bondi*, 140 F.4th 1079, 1098 (9th Cir. 2025), and we deny the petition.

The BIA rested its denial of reopening on the ground that Aguirre-Castaneda failed to make out a prima facie case of "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D); 8 C.F.R. § 1003.2. Whether an applicant for cancellation of removal seeking to reopen proceedings puts forward new evidence that makes out a prima facie case of "exceptional and extremely unusual hardship" is "a mixed question of law and fact that is primarily factual." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002–03 (9th Cir. 2025); *Lemus-Escobar*, 140 F.4th at 1098. Accordingly, we review the BIA's determination for "substantial evidence." *Gonzalez-Juarez*, 137 F.4th at 1003. "Consistent with this level of deference, we may grant a petition only if the petitioner shows that the evidence '*compels* the conclusion' that the BIA's decision was incorrect." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (quoting *Ming Xin He v. Holder*, 749 F.3d 792, 795 (9th Cir. 2014)).

The "exceptional and extremely unusual hardship" inquiry requires the BIA to consider "the ages, health, and circumstances" of the applicant's qualifying relatives and to evaluate whether the hardship to those relatives would be "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country." *Gonzalez-Juarez*, 137 F.4th at 1006 (quoting

*In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62–63 (B.I.A. 2001)). To warrant reopening of cancellation of removal proceedings, an applicant need only make "a threshold showing of eligibility—a reasonable likelihood that [she] would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). In assessing this threshold showing of eligibility, "the [BIA] must look at the evidence in its entirety" and "must accept as true the facts stated in . . . affidavits [and declarations] unless they are inherently unbelievable." *Kaur v. Garland*, 2 F.4th 823, 833 (9th Cir. 2021) (quoting *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991)) (alterations in original).

The BIA's denial of reopening is supported by substantial evidence. The BIA concluded that the statement in the affidavit from Aguirre-Castaneda's husband "that he is unable to drive after some of his doctor's appointments and that he 'would be unable to keep going to [his] doctor's visits without [his wife's] help,' without more, [was] insufficient to show that he could not actually continue to obtain any necessary medical care and mental health treatment in her absence." Because Aguirre-Castaneda's new evidence did not identify or document any other heightened hardship to her husband that would result from her removal, the BIA concluded that she did not demonstrate a sufficient likelihood of establishing statutory eligibility for cancellation of removal. Nothing in the record compels a contrary conclusion. Her husband's affidavit, taken as true, does not suggest his

3                                                          24-5152

current treatment protocol is strictly necessary, rather than merely optimal. Nor does his affidavit say anything about whether he could get equivalent treatment from doctors with offices closer to his home. And Aguirre-Castaneda's other suggestion of hardship—that her removal will cause her husband emotional suffering, further damaging his already compromised mental health—is sadly common in the removal context and thus does not help her make the required prima facie showing. *Gonzalez-Juarez*, 137 F.4th at 1006–07. Because substantial evidence supports the BIA's decision, we deny Aguirre-Castaneda's petition.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal (Dkt. 3) is otherwise denied.

24-5152