NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLEG SOCOLOV, | Nos. 21-75 |
| | 21-1179 |
| Petitioner, | |
| | Agency No. |
| v. | A206-497-115 |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2025**

Before:     PAEZ, CHRISTEN, and KOH, Circuit Judges.

In these consolidated petitions, Oleg Socolov, a native and citizen of

Moldova, petitions pro se for review of the Board of Immigration Appeals'

("BIA") orders denying various motions. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reconsider,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen, or terminate proceedings. *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005); *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We review de novo constitutional claims. *Mohammed*, 400 F.3d at 791-92. We deny the petitions for review.

**In 21-75**, the BIA did not abuse its discretion in denying the motion to reconsider where Socolov failed to identify any error in the BIA's decision upholding the IJ's order denying adjustment of status and cancellation of removal under the Violence Against Women Act ("VAWA"). *See* 8 C.F.R. § 1003.2(b)(1); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) ("A petitioner's motion to reconsider must identify a legal or factual error in the BIA's prior decision.").

The BIA did not abuse its discretion in denying the motion to reopen where Socolov did not identify new and material evidence. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1); *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) ("The BIA can deny a motion to reopen . . . [for] failure to introduce previously unavailable, material evidence." (citation and internal quotation marks omitted)).

The BIA did not abuse its discretion in denying the motion to terminate where Socolov's contentions relating to his criminal convictions were outside the BIA's purview, he did not comply with the procedural requirements for ineffective assistance of counsel claims, and his due process contentions were unsupported by

the record. *See Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010) (failure to satisfy *Lozada* was fatal to ineffective assistance of counsel claim where ineffectiveness was not plain on face of record); *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**In 21-1179**, the BIA did not abuse its discretion in denying the motion to reconsider where Socolov failed to identify any error in the BIA's decision denying his earlier motions to reconsider, reopen, and terminate. *See* 8 C.F.R. § 1003.2(b)(1); *Ma*, 361 F.3d at 558. Moreover, the BIA did not abuse its discretion in denying the motion as untimely as to the underlying merits decision where the motion was filed more than six months after the order. *See* 8 U.S.C. § 1229a(c)(6)(B); *Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020) (motion to reconsider generally must be filed within thirty days of the final removal order).

The BIA did not abuse its discretion in denying the motion to reopen where Socolov did not identify new and material evidence. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1); *Fonseca-Fonseca*, 76 F.4th at 1180.

We reject Socolov's unsupported contention that VAWA cancellation of removal should not have a hardship requirement. Socolov's contention that the

agency applied the wrong legal standard to battered spouses is unsupported by the record.

**PETITIONS FOR REVIEW DENIED.**