NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN PABLO CASTELLANOS CHACON, | No. 17-70619 |
| Petitioner, | Agency No. A095-742-127 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2026[**]
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

Petitioner Juan Pablo Castellanos Chacon, a native and citizen of El

Salvador, petitions for review of a January 31, 2017, decision of the Board of

Immigration Appeals ("BIA") denying Petitioner's motion to reopen based on

changed country conditions in El Salvador. We review the BIA's denial of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen for abuse of discretion. *Tadevosyan v. Holder*, 743 F.3d 1250, 1252 (9th Cir. 2014). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Id.* at 1252-53 (citation modified). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

The BIA did not abuse its discretion in denying Petitioner's motion to reopen based on changed country conditions. Petitioner argued that five changes had occurred between his last immigration hearing in 2011 and the filing of his motion to reopen in 2016: (1) El Salvador had become the murder capital of the world; (2) the government of El Salvador was in an all-out war against gangs, and the gangs had increased their attacks on law enforcement; (3) there were higher levels of impunity in El Salvador; (4) gang members beat Petitioner's brother and threatened to kill him and his family if he denounced the gang members; and (5) Petitioner married a United States citizen, which Petitioner represented would increase his risk of harm at the hands of gang members. The BIA properly determined that these changes were not material to Petitioner's claim for relief and did not demonstrate Petitioner's prima facie eligibility for relief. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

In support of Petitioner's assertions of worsened conditions of violence and gang activity, Petitioner submitted 2011 and 2015 Country Reports for El Salvador

and various new articles. This evidence, however, describes essentially the same issues of gang violence and corruption as the country conditions evidence Petitioner presented at his original hearing in 2011, which included Country Reports from 2006, 2008, and 2009 and several news articles describing El Salvador's murder rate as one of the highest in the world. *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (noting that the new evidence must be "'qualitatively different' from the evidence presented at the previous hearing" (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004))). Furthermore, Petitioner's evidence "simply recounts generalized conditions" in El Salvador without showing that Petitioner's "predicament is appreciably different from the dangers faced by [his] fellow citizens." *Id.* at 990 (citation omitted). Because Petitioner's new evidence lacks individualized relevancy to Petitioner's claims, the evidence fails to establish the requisite materiality. Similarly, the evidence does not establish a prima facie case of eligibility because "a general, undifferentiated claim" of civil strife and violence is insufficient to establish eligibility for relief. *Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007) (en banc).[1]

---

[1] Petitioner contends that remand is appropriate in light of our decision in *Fonseca-Fonseca v. Garland*, which clarified that the standard for showing prima facie eligibility for relief on a motion to reopen is "a reasonable likelihood that the petitioner would prevail on the merits." 76 F.4th 1176, 1179 (9th Cir. 2023). We decline to remand on this basis because there is no indication the BIA applied the improper standard in this case.

The declaration submitted by Petitioner's brother likewise fails to establish Petitioner's prima facie eligibility for relief. The declaration, which states that gang members approached Petitioner's brother on the bus, demanded that he hand over his money, beat him, and threatened to kill him and his family if he denounced the gang members, suggests that the incident was a random act of crime. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (noting that "harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). In addition, there is no evidence that Petitioner's brother ever denounced the gang or that anyone in Petitioner's family was harmed.

We reject Petitioner's contention that the BIA abused its discretion by failing to provide a reasoned explanation for its decision. Admittedly, the BIA's analysis was cursory, and the better practice would have been for the BIA to provide a more thorough explanation of its reasoning. Nonetheless, the BIA "does not have to write an exegesis on every contention." *Najmabadi*, 597 F.3d at 990 (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)). The BIA considered the issues raised, accurately summarized the evidence presented, and "announce[d] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (quoting *Lopez*, 366 F.3d at 807 n.6). Accordingly, its decision was not an abuse of discretion.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in place until the mandate issues.