NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR ALEXANDER LOPEZ-MEJICANOS; YOSELIN YADIRA RAMIREZ-MARROQUIN; BYRON ALEXANDER LOPEZ-RAMIREZ; SANTIAGO ALEJANDRO LOPEZ-RAMIREZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General<br><br>Respondent. | No. 20-72966<br><br>Agency No.<br>A201-755-408<br>A201-755-409<br>A201-755-410<br>A201-755-411<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2026[**]
Pasadena, California

Before: TALLMAN, RAWLINSON, and HAMILTON, Circuit Judges.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, Seventh Circuit, sitting by designation.

Petitioners Cesar Alexander Lopez-Mejicanos (Lopez-Mejicanos), his wife Yoselin Yadira Ramirez-Marroquin (Ramirez-Marroquin), and their two minor children (collectively, Petitioners),[1] natives and citizens of Guatemala, petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the denial by an Immigration Judge (IJ) of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We deny the petition.

**1.**  Substantial evidence supports the BIA's denial of asylum and withholding of removal because Petitioners did not establish a nexus between any past or future harm in Guatemala and a protected ground.  "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm. . . ."  *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citations omitted).  An asylum claim requires evidence that the protected characteristic was "one central reason" for the harm, and a withholding of removal claim requires evidence that a protected characteristic will be "a reason" for future harm.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 358-59

---

[1]  Petitioners Lopez-Mejicanos and Ramirez-Marroquin have filed their own applications and listed their two minor children, Byron Alexander Lopez-Ramirez and Santiago Alejandro Lopez-Ramirez, as derivative beneficiaries of their applications.

(9th Cir. 2017).

Petitioner testified that he was threatened, beaten, robbed, and extorted by gang members, but there was insufficient evidence that any harm was motivated by membership in a particular social group (PSG), or any other statutorily protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), *as amended* (holding that "criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). This lack of nexus is fatal to Petitioners' applications for asylum and withholding of removal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).[2]

**2.** On appeal to the BIA, Petitioners asserted for the first time membership in the following PSGs: "whistleblowers," "Guatemalans who have opposed or resisted gang or criminal violence," "Guatemalans perceived as wealthy businessowners," and "Guatemalans who are family members of victims of gang crime or criminal violence." The BIA construed the articulation of these newly asserted PSGs as a motion to remand and determined that Petitioners failed to establish that these new PSGs would change the result of their case. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1183 (9th Cir. 2023) (requiring "a petitioner to establish that it is at least more probable than not that the new evidence would

---

[2] Because there was a finding of no nexus, the distinction between "one central reason" and "a reason" does not matter to the outcome. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019).

change the outcome of the claim").  The BIA did not abuse its discretion because Petitioners failed to establish that these PSGs are cognizable.  *See, e.g.*, *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1078 (9th Cir. 2020) (recognizing that victims of "gang violence perpetrated by non-governmental actors" does not support a cognizable social group assertion); *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021) (discussing the lack of "evidence that Mexican society perceives wealthy business owners as a distinct group").

**3.**  "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country. . . ." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citation omitted).  Under our precedent, evidence of threats and one physical attack by gang members do not establish a particularized risk of torture.  *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir 2022) (noting that "a petitioner who was twice kidnapped and, during one kidnapping, beaten with brass knuckles that caused hearing damage, had not shown past torture") (citation and internal quotation marks omitted); *see also Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (denying relief after concluding that "unfulfilled threats" were not sufficiently extreme).  Petitioner testified that he filed a police report when his motorcycle was stolen and that the police response was ineffective.  However, perceived ineffectiveness of

police response to criminal activity does not sufficiently demonstrate that the police would "acquiesce or be willfully blind" to any torture. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016), *as amended* (stating that "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence) (citation omitted). Therefore, substantial evidence supports the BIA's determination that Petitioners failed to establish eligibility for protection under the CAT. *See Singh v. Bondi*, 130 F.4th 1142, 1156 (9th Cir. 2025).

**PETITION DENIED.**[3]

---

[3] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. #1) is otherwise denied.