NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO CESAR RODRIGUEZ-CARRERA, AKA Juan Perez, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.   18-71960 <br><br> Agency No. A200-976-163 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026[**]
Pasadena, California

Before: SCHROEDER, WARDLAW, and BADE, Circuit Judges.
Dissent by Judge BADE.

Hugo Rodriguez-Carrera ("Rodriguez") petitions for review of the Board of

Immigration Appeals' ("BIA") denial of his motion to reopen to seek cancellation

of removal, asylum, withholding of removal, relief under the Convention of

Against Torture ("CAT"). We have jurisdiction to review the BIA's order under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review denials of motions to reopen or reconsider for abuse of discretion, *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), and questions of law de novo, *Lopez v. INS*, 184 F.3d 1097, 1099 (9th Cir. 1999). We grant the petition and remand.

1. The BIA erred by applying the wrong standard to Petitioner's motion to reopen. "The BIA can deny a motion to reopen on any one of 'at least' three independent grounds—'failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.'" *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)).

To establish a prima facie eligibility for relief, the petitioner only needs "a threshold showing of eligibility—a reasonable likelihood that the petitioner would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). This "standard[ is] not interchangeable" with one "requiring petitioners to demonstrate that their new evidence would likely change the result of their case." *Id.*

Here, the BIA denied Petitioner's motion to reopen based on a failure to establish prima facie eligibility, noting that "[a] party who seeks to reopen proceedings before the Immigration Judge . . . bears a 'heavy burden' of proof that

the new evidence will likely change the result in the case."  As we explained in *Fonseca-Fonseca*, in requiring Petitioner to show the new evidence "'would likely change the result of his case,' . . . the BIA applied the wrong burden of proof."  *Id.* at 1181 (citation omitted).  Accordingly, "[b]ecause the BIA erred by applying the wrong standard, we remand for the BIA to apply the correct standard in the first instance."  *Id.* at 1183.  We need not reach Petitioner's remaining contentions until the BIA reviews the motion with the correct standard.[1]

2. We also conclude that the harmless error doctrine is inapplicable to this case.  "[T]he function of the reviewing court ends when [an agency's] error of law is laid bare," and an exception occurs only in the "narrow circumstances . . . [w]here the agency was required to take a particular action."  *Calcutt v. FDIC*, 598 U.S. 623, 629–30 (2023) (citation and quotation marks omitted); *see also I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.  This principle has obvious importance in the immigration context.").  Accordingly, when an agency applies the wrong legal

---

[1] The dissent asserts that "we acknowledged 'confusion' in our case law . . . with respect to the appropriate standard."  But *Fonseca-Fonseca* noted that "our published cases properly cite the reasonable likelihood standard."  76 F.4th at 1178.  The "confusion" referenced in that decision concerned inconsistent language in certain unpublished dispositions, not the governing rule articulated in our published precedent.  *Id.* at 1179.

3

standard, remand—not judicial reweighing—controls. *Azanor v. Ashcroft*, 364 F.3d 1013, 1020–21 (9th Cir. 2004).

This case concerns a motion to reopen, which is governed by specific legal thresholds, including prima facie eligibility, materiality, and previously unavailable evidence. *Najmabadi*, 597 F.3d at 986. The governing standard determines what evidence matters, how heavily it must weigh, and what degree of evidentiary certainty is required before a factfinder may rule against a party. *See, e.g.*, *Addington v. Texas*, 441 U.S. 418, 423–24 (1979); *I.N.S. v. Abudu*, 485 U.S. 94, 104 (1988) (noting that a motion to reopen requires a prima facie showing for the "underlying substantive relief sought"). For example, the BIA concluded that "[t]he motion to reopen does not establish a prima facie case for asylum or withholding relief *so as to justify reopening of these proceedings*." (emphasis added). But it reached that conclusion under the wrong standard—the "'heavy burden' of proof that the new evidence will likely change the result." Because the prima facie inquiry incorporates the substantive legal standard for relief, altering the reasonable likelihood standard necessarily skews the evaluation of the evidence.

Harmless-error review of a BIA decision requires "legal certainty" not only as to the outcome, but also as to the agency's reasoning. *See Azanor*, 364 F.3d at 1021 ("We cannot be certain that the Board did not deny the motion to reopen

4

based on a finding that neither Azanor nor Effemeh would suffer torture while in state 'custody or physical control.' Under such circumstances, 'the proper course . . . is to remand to the agency for additional investigation or explanation.'" (quoting *Orlando Ventura*, 537 U.S. at 16)); *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (harmless error analysis appropriate only when "neither the result *nor the BIA's basic reasoning* would change" (emphasis added)). Where the BIA's reasoning would shift under the correct standard, we are "powerless" to substitute our own legal reasoning. *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Azanor*, 364 F.3d at 1020–21.

The dissent's approach does precisely what *Chenery* forbids. It reviews the record under the correct "reasonable likelihood" formulation, for the first time by any court, and concludes that Rodriguez's evidence would still fail. But the Board never made *that* determination. It instead denied reopening under the more demanding "would likely change the result" standard. Whether Rodriguez's daughter's medical evidence or the country-conditions evidence satisfies the correct prima facie threshold is a question entrusted to the agency in the first instance. *Orlando Ventura*, 537 U.S. at 16.

Nor is this a case in which relief is legally foreclosed—or "legally certain." The parties do not contend that Rodriguez is statutorily ineligible for cancellation, asylum, withholding, or CAT protection. The dissent concludes that the evidence

5

is insufficient. But sufficiency of the evidence under the correct legal framework is for the BIA, not this court, to decide. Because the governing standard shaped the entire reopening inquiry, and because that standard was misstated here, we conclude that the error infected the BIA's threshold determination. The harmless error doctrine therefore does not apply. *Singh*, 935 F.3d at 827.

In short, the error here was not peripheral; it went to the standard that guides the prima facie inquiry itself. Where the motion to reopen decision and the applicable standard are structurally intertwined, the error cannot be excised as harmless. Remand is required.

**PETITION GRANTED AND REMANDED.**

*Rodriguez-Carrera v. Bondi*, 18-71960
Bade, Circuit Judge, dissenting:

The majority concludes that remand is necessary because the BIA applied the wrong legal standard in denying Rodriguez's motion to reopen. Although I agree that the BIA erred, I would deny the petition because that error was harmless and the BIA did not otherwise abuse its discretion in denying the motion to reopen. I respectfully dissent.

In its 2018 decision, the BIA reviewed Rodriguez's motion to reopen to determine whether he had submitted new evidence that "w[ould] likely change the result." Several years later, in *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1183 (9th Cir. 2023), we acknowledged "possible confusion in our case law" and in the BIA's decisions with respect to the appropriate standard for such motions. *See id.* ("Today, we clarify any possible confusion in our case law . . . ."). We clarified that when a motion to reopen is denied based on a failure to demonstrate prima facie eligibility for relief, the relevant standard is whether there is "a reasonable likelihood that the petitioner would prevail on the merits if the motion to reopen were granted"—in other words, "a reasonable likelihood that the statutory requirements for relief have been satisfied." *Id*. at 1179 (citation omitted). Thus, in considering the motion to reopen, the BIA erroneously applied the "would likely change" standard rather than the "reasonable likelihood" standard.

But that conclusion does not end our analysis because we "appl[y] traditional administrative law principles in reviewing immigration agency decisions, which include the rule that reviewing courts shall take due account of the rule of prejudicial error," namely the harmless error rule. *Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (internal quotation marks and citations omitted). The harmless error rule applies "when a mistake of the administrative body is one that clearly had no bearing on . . . the substance of [the] decision reached," *see Massachusetts Trustees of E. Gas & Fuel Assocs. v. United States*, 377 U.S. 235, 248 (1964), such that "remand[ing] would be an idle and useless formality," *see NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969).

Here, "neither the result nor the BIA's basic reasoning would change" if it had applied the "reasonable likelihood" standard when it considered Rodriguez's motion to reopen based on new evidence. *See Park v. Garland*, 72 F.4th 965, 978 (9th Cir. 2023) (quoting *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019)). In his motion, Rodriguez argued that new evidence concerning his daughter's health established his prima facie eligibility for cancellation of removal and thus warranted reopening. The BIA considered Rodriguez's new evidence that his daughter was receiving medication and therapy sessions, along with the previously submitted evidence concerning his daughter's health, and concluded that the evidence did not meet the standard for exceptional and extremely unusual hardship

2

to an eligible family member that is necessary for cancellation of removal. The BIA specifically noted that there were "no medical or psychiatric reports to document the illness or indicate a prognosis or course of treatment" and no evidence "that any needed treatment [would] be unavailable" if Rodriguez were removed to Mexico. The BIA's assessment was based on a reasonable view of the record as the new evidence submitted with the motion to reopen did not demonstrate a reasonable likelihood that Rodriguez's daughter would suffer a level of hardship beyond that which results "in the usual course when an alien is removed." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025). The BIA's findings on these points demonstrate that "neither the result nor the BIA's *basic* reasoning would change" if it applies the "reasonable likelihood" standard on remand. *Singh*, 935 F.3d at 827 (emphasis added).

Rodriguez also argued that new evidence of crime in his home region of Mexico established his prima facie eligibility for asylum, withholding of removal, and CAT relief. The BIA determined that Rodriguez's new evidence failed to demonstrate that he would be persecuted based on a statutorily protected ground to support his eligibility for asylum and withholding of removal. Nor did it establish for his CAT claim that he would be at risk of torture in Mexico by or with the acquiescence of a public official. Again, the BIA's findings on these points lead inexorably to the conclusion that Rodriguez's motion to reopen did not

3

demonstrate "a reasonable likelihood that the statutory requirements for relief ha[d] been satisfied." *Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022) (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014)).

Because I would deny the petition under harmless error principles rather than sanction a futile and inefficient remand, I respectfully dissent.