**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO GARCIA-SALINAS, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 23-4175 <br><br> Agency No. <br> A200-156-721 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 23, 2026[**]
Pasadena, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges

    Pedro Garcia-Salinas, a native and citizen of Mexico, seeks review of a

decision of the Board of Immigration Appeals ("BIA") denying his motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252. We deny in part and dismiss

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in part the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). A decision is an abuse of discretion if it is "arbitrary, irrational, or contrary to law." *Id.* (citation omitted). We review the BIA's factual findings for substantial evidence. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995). We review due process challenges de novo. *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002).

1. The BIA did not abuse its discretion in denying Petitioner's motion to reopen because he failed to establish prima facie eligibility for cancellation of removal. To succeed on his motion to reopen, Petitioner was required to establish "a reasonable likelihood" that his removal would cause "exceptional and extremely unusual hardship" to his wife and children. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023); 8 U.S.C § 1229b(b)(1)(D).

While Petitioner submitted evidence that his wife may struggle with her mental health if he is deported, substantial evidence supports the BIA's conclusion that this hardship is not so "out of the ordinary and exceedingly uncommon" as to rise to the level of showing a prima facie case of "exceptional and extremely unusual hardship." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025). Accordingly, the BIA did not abuse its discretion in denying Petitioner's motion to

reopen on the grounds of prima facie eligibility.[1]

2.    Petitioner's claim that he was denied due process because his Notice to Appear was "defective" fails. "Due process challenges to deportation proceedings require a showing of prejudice to succeed." *Halaim v. INS*, 358 F.3d 1128, 1136 (9th Cir. 2004) (citation omitted). Petitioner fails to demonstrate prejudice because he does not challenge the BIA's determination that he was "properly served with several notices of hearing, and that he appeared for his scheduled removal hearings before the Immigration Judge at the times and place specified therein."

3.    We lack jurisdiction to review the BIA's denial of *sua sponte* authority. Our jurisdiction over the BIA's decision not to exercise its *sua sponte* reopening authority "is limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion, or that exercising its discretion would be futile." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (citations omitted). Nothing on the face of the BIA's decision indicates

---

[1] Contrary to Petitioner's assertion, the BIA applied the correct legal standard in denying the motion to reopen. *See Fonseca-Fonseca*, 76 F.4th at 1179 (explaining that where the BIA denies a motion to reopen for failing to establish prima facie eligibility for relief, the controlling standard is whether there is a "reasonable likelihood that the statutory requirements for relief have been satisfied") (citation omitted). Thus, Petitioner's claim that he was denied due process because the BIA applied an incorrect legal standard fails.

that it declined to exercise its *sua sponte* authority on the basis that the law forbade it from doing so. We thus lack jurisdiction to consider this argument and dismiss the petition as to this issue.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

23-4175